ROBYN B. SOKOL – State Bar No. 159506
LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 S. Los Robles Avenue, Suite 300
Pasadena, CA 91101
Telephone: (626) 796-4000
Facsimile: (626) 795-6321
Email: rsokol@leechtishman.com

Attorneys for Elissa D. Miller, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>WEED CELLARS, INC.,<br><br>Debtor.<br>________________________________<br><br>ELISSA D. MILLER, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br>v.<br><br>ROBERT BECKHAM,<br><br>Defendant. | Case No. 2:21-bk-18868-ER<br><br>Adv. Case No. _______________<br><br>Chapter 7<br><br>**COMPLAINT FOR:**<br><br>**(1) AVOIDANCE OF FRAUDULENT TRANSFER AND RECOVERY FOR THE ESTATE PURSUANT TO 11 U.S.C. §§ 548, 550 AND 551;**<br><br>**(2) OPEN BOOK ACCOUNT;**<br><br>**(3) ACCOUNT STATED; AND**<br><br>**(4) MONEY HAD AND RECEIVED** |

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, AND DEFENDANT:**

Plaintiff, Elissa D. Miller, the duly appointed and acting Chapter 7 Trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy estate of Weed Cellars, Inc. ("**Debtor**"), hereby files this *Complaint for (1) Avoidance of Fraudulent Transfer and Recovery for the Estate Pursuant to 11 U.S.C. §§ 548, 550 and 551; (2) Open Book Account; (3) Account Stated; and (4) Money Had and Received*

(“**Complaint**”) against Defendant, Robert Beckham (“**Beckham**” or “**Defendant**”), alleging as follows:

## INTRODUCTION

1. On November 23, 2021 (“**Petition Date**”), the Debtor commenced the above-captioned bankruptcy proceeding by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (“**Bankruptcy Code**”).

2. This is an adversary proceeding brought pursuant to Part VII of the Federal Rules of Bankruptcy Procedure (“**Bankruptcy Rule(s)**”). Through this complaint, the Trustee seeks to avoid a fraudulent transfer of the Debtor’s assets to Defendant Beckham, an insider of the Debtor, or in the alternative, recover funds loaned to Beckham by the Debtor which were never paid back.

## JURISDICTION AND VENUE

3. This adversary proceeding arises out of the Chapter 7 case entitled *In re Weed Cellars, Inc.*, Case No. 2:21-bk-18868-ER, filed on November 23, 2021, and currently pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division.

4. This Court has original subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

5. This adversary proceeding is a civil proceeding arising under, arising in, and/or related to the Debtor’s case under the Bankruptcy Code. The statutory and legal predicates for this Complaint are Sections 547, 548, 550, and 551 of the Bankruptcy Code, Bankruptcy Rule 7001, and the Local Rules for the United States Bankruptcy Court for the Central District of California (“**Local Rules**”).

6. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H), and (O).

7. The Bankruptcy Court has constitutional jurisdiction to enter a final judgment in this adversary proceeding. To the extent the Court does not have constitutional jurisdiction to enter a final judgment, the Trustee consents to the Court entering a final judgment in this proceeding.

///

///

8. Venue of this adversary proceeding is proper in this judicial district under 28 U.S.C. § 1409(a) because this adversary proceeding is a proceeding arising in or related to a case under the Bankruptcy Code.

## PARTIES

9. Plaintiff is the duly and acting Chapter 7 trustee of the Debtor's bankruptcy estate and brings this action solely in her capacity as Trustee.

10. Defendant Beckham is an individual who at all times herein mentioned conducted business in the Central District of California and is believed to reside in Brentwood, Tennessee.

## FACTUAL BACKGROUND

11. On November 23, 2021, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California. [Bankr. Dkt. No. 1].

12. Shortly thereafter, the Trustee was appointed the Chapter 7 Trustee, in which capacity she continues to serve.

13. Beckham was a director on the Debtor's Board of Directors ("**Board**").

14. On or about April 20, 2020, the Debtor made a loan in the amount of $450,000.00 ("**Loan**") to Beckham. *See* Statement of Financial Affairs [Bankr. Dkt. No. 1].

15. The Loan was not authorized by the Board, and instead, was authorized only by Board member Randall Ussery. There was no Board resolution to approve the Loan.

16. In or about August 2021, Beckham and Randall Ussery were removed from the Board by a vote of the shareholders of the Debtor.

17. The Board made demand on Beckham to repay the Loan, however, to date, Beckham has failed to repay the Loan.

## FIRST CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfer and Recovery for the Estate Pursuant to 11 U.S.C. §§548, 550 and 551)**

18. The Trustee realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. Within two years of the Petition Date, on or about April 20, 2020, the Debtor transferred Four Hundred Fifty Thousand and no/100 Dollars ($450,000.00) of its funds to Beckham (the "**Transfer**").

20. The Debtor received no consideration from Beckham for the Transfer.

21. The Debtor received less than reasonably equivalent value in exchange for the Transfer.

22. At the time of the transfer, the Debtor (i) was insolvent, or became insolvent as a result of the transfer, (ii) was engaged or was about to be engaged in a business or transaction for which the Debtor's remaining property was an unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

23. The Transfer is avoidable, and should be avoided, as constructively fraudulent pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

24. Further, pursuant to Section 550 of the Bankruptcy Code, Plaintiff may recover from the Defendants the value of the property transferred by the Transfer, plus interest thereon at the maximum legal rate from and after the date of the Transfer, in a sum according to proof, which Plaintiff believes not to be less than $450,000.

**<u>SECOND CLAIM FOR RELIEF</u>**

**(Open Book Account)**

**Against Defendant Beckham)**

25. The Trustee realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

26. Beckham became indebted to the Debtor on an open book account for money due from Beckham in which it was agreed that Beckham was indebted to the Debtor in the principal amount of $450,000.00, plus accrued and unpaid interest, reasonable attorney's fees and other sums, all according to proof at the time of trial.

///

///

///

27. Said sums have not been paid back by Beckham to the Debtor, although demand therefore was made, and there is now due, owing, and unpaid from Beckham to Plaintiff on behalf of the Debtor's estate $450,000 together with interest thereon at the legal rate according to proof at the time of trial and statutory attorney's fees based on this common count.

**THIRD CLAIM FOR RELIEF**

**(Account Stated)**

28. The Trustee realleges and incorporates by reference each and every allegation set forth in the paragraphs 1 through 17 of this Complaint as though fully set forth herein.

29. The Trustee is informed and believes that an account was stated in writing by and between the Debtor and Beckham where it was agreed that Beckham was indebted to the Debtor in the principal sum of $450,000.00, plus accrued and unpaid interest, reasonable attorney's fees and other sums, all according to proof at the time of trial.

30. Said sums have not been paid by Beckham to the Debtor, although demand therefore has been made, and there is now due, owing, and unpaid from Beckham to Plaintiff on behalf of the Debtor's estate $450,000 together with interest thereon at the legal rate according to proof at the time of trial and statutory attorney's fees based on this common count.

**FOURTH CLAIM FOR RELIEF**

**(Money Had and Received)**

31. The Trustee realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

32. In or about April 2020, Beckham received the sum of $450,000.00 from the Debtor in the form of the Loan, which was not authorized by the Debtor's Board.

33. The $450,000.00 was not used for the benefit of the Debtor.

34. Beckham has refused to repay the Loan to the Debtor.

35. Beckham received the $450,000.00 which is property of the Debtor, and it is inequitable to allow Beckham to retain said funds.

36. Beckham received $450,000 from the Debtor and in equity and good conscience these funds should be returned to the Debtor's estate.

37. Said sums have not been paid by Beckham, although demand therefore was made by the Debtor, and there is now due, owing, and unpaid from Beckham to Plaintiff for the benefit of the Debtor's estate $450,000 together with interest thereon at the legal rate according to proof at the time of trial and statutory attorney's fees based on this common count.

**PRAYER FOR RELIEF**

WHEREFORE, the Trustee prays for a judgment on her Complaint, as follows:

1. On the First Claim for Relief, avoiding the Transfer of $450,000.00 and recovering said sum for the benefit of the Debtor's estate;

2. On the Second Claim for Relief, for the principal sum of $450,000.00, plus accrued and unpaid interest and other sums all according to proof at the time of trial;

3. On the Third Claim for Relief, for the principal sum of $450,000.00, plus accrued and unpaid interest and other sums all according to proof at the time of trial;

4. On the Fourth Claim for Relief, for the principal sum of $450,000.00, plus accrued and unpaid interest and other sums all according to proof at the time of trial;

5. For the costs of suit herein;

6. For reasonable attorney's fees; and

7. For such other and further relief as the Court may deem appropriate.

DATED: May 16, 2023

LEECH TISHMAN FUSCALDO & LAMPL, INC.

By: /s/ Robyn B. Sokol
Robyn B. Sokol
Counsel for Plaintiff, Elissa D. Miller, Chapter 7 Trustee

**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Elissa D. Miller | **DEFENDANTS**<br>Robert T. Beckham |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Robyn B. Sokol<br>Leech Tishman Fuscaldo & Lampl, Inc.<br>200 S. Los Robles Avenue, Suite 300<br>Pasadena, CA 91101<br>Phone: (626) 796-4000, Facsimile (626) 795-6321 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1) AVOIDANCE OF FRAUDULENT TRANSFER AND RECOVERY FOR THE ESTATE PURSUANT TO 11 U.S.C. §§ 548, 550 AND 551; (2) OPEN BOOK ACCOUNT; (3) ACCOUNT STATED; AND (4) MONEY HAD AND RECEIVED

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- [1] 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- [2-4] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $450,000.00 |

Other Relief Sought

Open Book Account, Account Stated, Money Had and Received

**B1040 (FORM 1040) (12/15)**

<table>
<tr><th colspan="4">BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES</th></tr>
<tr><td colspan="2">NAME OF DEBTOR<br>Weeds Cellars, Inc.</td><td colspan="2">BANKRUPTCY CASE NO.<br>2:21-bk-18868-ER</td></tr>
<tr><td colspan="2">DISTRICT IN WHICH CASE IS PENDING<br>Central District of California</td><td>DIVISION OFFICE<br>Los Angeles Division</td><td>NAME OF JUDGE<br>Ernest M. Robles</td></tr>
<tr><th colspan="4">RELATED ADVERSARY PROCEEDING (IF ANY)</th></tr>
<tr><td>PLAINTIFF</td><td colspan="2">DEFENDANT</td><td>ADVERSARY PROCEEDING NO.</td></tr>
<tr><td colspan="2">DISTRICT IN WHICH ADVERSARY IS PENDING</td><td>DIVISION OFFICE</td><td>NAME OF JUDGE</td></tr>
<tr><td colspan="4">SIGNATURE OF ATTORNEY (OR PLAINTIFF)</td></tr>
<tr><td colspan="2">DATE<br>May 15, 2023</td><td colspan="2">PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Robyn B. Sokol</td></tr>
</table>

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.