JEFFREY K. GARFINKLE (SBN: 153496)
BUCHALTER
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: jgarfinkle@buchalter.com

Attorneys for Defendant
AMG MANAGEMENT, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>WEED CELLARS, INC.,<br><br>Debtor. | Case No. 2:23-bk-18868-VZ<br><br>Adv. Case No. 2:23-ap-01157-VZ<br><br>Chapter 7 |
| ELISSA D. MILLER, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br>v.<br><br>ROBERT BECKHAM, an individual; AMG MANAGEMENT, LLC, a Tennessee Limited Liability Company,<br><br>Defendants. | **ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Defendant AMG Management, LLC ("Defendant"), responds to the Complaint for (1) Avoidance of Fraudulent Transfer and Recovery for the Estate Pursuant to 11 U.S.C. §§ 548, 550 and 551; (2) Open Book Account; (3) Account Stated; (4) Money Had and Received and (5) Avoidance of Preferential Transfers and Recovery for the Estate Pursuant to 11 U.S.C. §§ 547, 550 and 551 [Doc. 42] filed February 1, 2024 as follows:

**INTRODUCTION**

1. Answering Paragraph 1 of the Complaint, Defendant admits that the Debtor filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code on November 23, 2021

2. Paragraph 2 of the Complaint does not assert an allegation requiring an admission or denial by Defendant.

**JURISDICTION AND VENUE**

3. Answering Paragraph 3 of the Complaint, Defendant denies that this adversary proceeding "arises out" of the Debtor's bankruptcy case. Rather, Defendant admits this adversary proceeding relates to the Debtor's bankruptcy case.

4. Answering Paragraph 4 of the Complaint, Defendant admits this Court has original subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

5. Answering Paragraph 5 of the Complaint, Defendant admits this adversary proceeding is a civil proceeding related to the Debtor's case under the Bankruptcy Code. The remainder of Paragraph 5 of the Complaint does not assert allegations requiring an admission or denial by Defendant.

6. Answering Paragraph 6 of the Complaint, Defendant admits that the First Claim for Relief (Avoidance of Fraudulent Transfer and Recovery for the Estate Pursuant to 11 U.S.C. §§ 548. 550 and 551) and Fifth and Sixth Claims for Relief (Avoidance of Preferential Transfers and Recovery for the Estate Pursuant to 11 U.S.C. §§ 547, 550 and 551) are core proceedings. Defendant avers that the remainder of the Claims for Relief (Open Book Account, Account Stated and Money Had and Received) are non-core causes of action.

7. Answering Paragraph 7 of the Complaint, Defendant denies the Bankruptcy Court has constitutional jurisdiction to enter a final judgment in on and and all of the Causes for Relief pled in this adversary proceeding. Defendant objects to this Court entering a final judgment in this proceeding and demands a jury trial on each of the Claims for Relief.

8. Answering Paragraph 8 of the Complaint, Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

**PARTIES**

9. Answering Paragraph 9 of the Complaint, Defendant admits that Plaintiff is the duly appointed chapter 7 trustee appointed to administer the Debtor's estate.

10. Answering Paragraph 10 of the Complaint, Defendant admits that Robert Beckham ("Beckham) is a resident of Brentwood, Tennessee. Defendant denies the remainder of the allegations contained in Paragraph 10 of the Complaint.

11. Answering Paragraph 11 of the Complaint, Defendant admits that AMG Management, LLC is a Tennessee limited liability company. Defendant denies the remainder of the allegations contained in Paragraph 11 of the Complaint.

**FACTUAL BACKGROUND**

12. Answering Paragraph 12 of the Complaint, Defendant admits Debtor filed a voluntary petition in the United States Bankruptcy Court for the Central District of California.

13. Answering Paragraph 13 of the Complaint, Defendant admits Plaintiff, Elisa Miller is the duly-appointed Chapter 7 Trustee in the Debtor's bankruptcy case.

14. Answering Paragraph 14 of the Complaint, Defendant admits that for a limited period of time Robert Beckham ("Beckham") was a director on the Debtor's Board of Directors and served as the Chief Executive Officer. Defendant lacks information about the remainder of the allegations in Paragraph 14 of the Complaint and on that basis denies the remainder of the allegations contained Paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Answering Paragraph 18 of the Complaint, Defendant admits that in or about August 2021, three shareholders—Victoria Toplansky, Marshall Toplansky and Richard Steele—holding a majority of the Debtor's voting shares voted to reconstitute the Debtor's Board of Directors. At approximately the same time, those same shareholders authorized the Debtor file a Chapter 7 petition.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Answering Paragraph 25 of the Complaint, Defendant lacks personal information about the Debtor’s Statement of Financial Affairs and on that basis denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Answering Paragraph 28 of the Complaint, Defendant lacks personal information about the Debtor’s Statement of Financial Affairs and on that basis denies the allegations in Paragraph 28 of the Complaint.

29. Answering Paragraph 29 of the Complaint, Defendant lacks personal information about the Debtor’s Statement of Financial Affairs and on that basis denies the allegations in Paragraph 29 of the Complaint.

30. Answering Paragraph 30 of the Complaint, Defendant lacks personal information about the Debtor’s 2020 tax return and on that basis denies the allegations in Paragraph 30 of the Complaint.

31. Answering Paragraph 31 of the Complaint, Defendant lacks personal information about the Debtor’s 2020 tax return and on that basis denies the allegations in Paragraph 31 of the Complaint.

**FIRST CLAIM FOR RELIEF**

**(Avoidance of Fraudulent Transfer and Recovery for the Estate Pursuant to 11 U.S.C. §§548, 550 and 551)**

**DEFENDANTS**

32. Answering Paragraph 32 of the Complaint, Defendant incorporates its answers to Paragraphs 1-31 in response to this paragraph.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

**SECOND CLAIM FOR RELIEF**

**(Open Book Account)**

**DEFENDANTS**

39. Answering Paragraph 39 of the Complaint, Defendant incorporates its answers to Paragraphs 1-38 in response to this paragraph.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

**THIRD CLAIM FOR RELIEF**

**(Account Stated)**

**DEFENDANTS**

42. Answering Paragraph 42 of the Complaint, Defendant incorporates its answers to Paragraphs 1-41 in response to this paragraph.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

**FOURTH CLAIM FOR RELIEF**

**(Money Had and Received)**

**DEFENDANTS**

45. Answering Paragraph 45 of the Complaint, Defendant incorporates its answers to Paragraphs 1-44 in response to this paragraph.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

**FIFTH CLAIM FOR RELIEF**

**(Avoidance of Fraudulent Transfer and Recovery for the Estate Pursuant to 11 U.S.C. §§ 548, 550 and 551)**

**DEFENDANTS**

52. Answering Paragraph 52 of the Complaint, Defendant incorporates its answers to Paragraphs 1-51 in response to this paragraph.

53. Answering Paragraph 53 of the Complaint, Defendant admits the allegations in this paragraph.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

**SIXTH CLAIM FOR RELIEF**

**(Avoidance of Fraudulent Transfer and Recovery for the Estate Pursuant to 11 U.S.C. §§ 547, 550 and 551)**

**DEFENDANTS**

60. Answering Paragraph 60 of the Complaint, Defendant incorporates its answers to paragraphs 1-59 in response to this paragraph.

61. Paragraph 61 of the Complaint does not assert an allegation requiring an admission or denial by Defendant.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant admits the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in Paragraph 72 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

**(Determination That Beckham is the Alter Ego of AMG)**

**BECKHAM**

73. Paragraphs 73 through 77 do not allege a Claim for Relief against Defendant. As such, Defendant does not answer these paragraphs.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint and each and every claim contained therein fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. The Complaint and each and every claim contained therein are barred pursuant to 11 U.S.C. § 548(a).

## THIRD AFFIRMATIVE DEFENSE

3. Since the alleged transfers are not avoidable pursuant to 11 U.S.C. § 548, they are not recoverable pursuant to 11 U.S.C. §§ 550 and 551.

## FOURTH AFFIRMATIVE DEFENSE

4. To the extent Debtor received a transfer from the Debtor, each such transfer was (i) intended by the Debtor and Defendant to be a contemporaneous exchange of new value given to the Debtor, and (ii) in fact a substantially contemporaneous exchange. As a result, pursuant to section 547(c)(1) of the Bankruptcy Code, each such transfer is not avoidable, and Plaintiff is not entitled to any relief from Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

5. To the extent Defendant received a transfer from the Debtor, after such each transfer, Defendant gave new value to or for the benefit of the Debtor. As a result, pursuant to section 547(c)(4) of the Bankruptcy Code, each such transfer is not avoidable, and the Plaintiff is not entitled to any relief from Defendant on account of such transfers.

**SIXTH AFFIRMATIVE DEFENSE**

6. Any contract underlying the "Loan" is invalid because: i) fraud, deceit, and misrepresentation on the part of Debtor; ii) lack of acceptance by Defendant; and iii) lack of any consideration.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Defendant reserve the right to assert any other claims or defenses as may be available, or become available in the future.

**WHEREFORE**, Defendant pray as follows:

1. That Plaintiff takes nothing by way of the Complaint;
2. That judgment be entered in favor of Defendant dismissing each and every claim for relief contained in the Complaint with prejudice;
3. That Defendant recover its reasonable attorneys' fees and costs; and
4. For such other relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

On all Claims for Relief in the Complaint, Defendant demands a trial by jury. Defendant does not consent to the jury trial being conducted by the Bankruptcy Court.

DATED: July 26, 2023

BUCHALTER
A Professional Corporation

By:/s/*Jeffrey K. Garfinkle*
JEFFREY K. GARFINKLE
Attorneys for Defendant
AMG MANAGEMENT, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
18400 Von Karman Ave., Suite 800, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): ANSWER TO FIRST AMENDED COMPLAINT will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/21/2024 ________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.** **SERVED BY UNITED STATES MAIL**:
On (*date*) 2/21/2024 _______, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

☐ Service information continued on attached page

**3.** **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 2/21/2023 ________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/21/2024 | LAURIE VERSTEGEN | /s/Laurie Verstegen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**2:23-ap-01157-ER Notice will be electronically mailed to:**

Jeffrey Garfinkle on behalf of Defendant Robert Beckham
jgarfinkle@buchalter.com, docket@buchalter.com;lverstegen@buchalter.com

Elissa Miller (TR)
CA71@ecfcbis.com,
MillerTrustee@gmlaw.com;C124@ecfcbis.com;cheryl.caldwell@gmlaw.com;cheryl.caldwell@ecf.courtdrive.com

Robyn B Sokol on behalf of Plaintiff Elissa D. Miller, Chapter 7 Trustee
rsokol@leechtishman.com,
rsokol@leechtishman.com;lmoya@leechtishman.com;dmulvaney@leechtishman.com;kgutierrez@leechtishman.com;NArango@LeechTishman.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov